UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-30-DCR-10 |
| | ) | |
| V. | ) | |
| | ) | |
| MELVIN COUCH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On February 15, 2006, Defendant Melvin Couch was sentenced to a total term of incarceration of 240 months, followed by a total term of supervised release of ten years. [Record No. 683] Couch filed an appeal with the United States Court of Appeals for the Sixth Circuit following imposition of the sentence. [Record No. 705] However, on November 3, 2006, the Sixth Circuit granted the defendant's motion to voluntarily dismiss his appeal. [Record No. 813]

On August 12, 2013, Couch filed a motion to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 954] Couch requests that the Court apply the 2010 amendments to 21 U.S.C. § 841(a)(1) to his case based on the United States Sentencing Commission's view that those amendments should be applied retroactively. In support, Couch relies on *United States v. Ono*, 72 F.3d 101 (9th Cir. 1995). In that case, the United States Court of Appeals for the Ninth Circuit indicated that 18 U.S.C. § 3582(c)(2) permits a sentencing court

to re-sentence a defendant if the defendant's sentence was based on a sentencing range that subsequently has been lowered by the Sentencing Commission. *Id.* at 102.

*Ono* is not controlling. Additionally, previous Sixth Circuit decisions have held that the provisions of the Fair Sentencing Act of 2010 ("FSA") do not apply to sentences imposed prior to the effective date of the Act. *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013) (confirming that the FSA is not retroactive to defendants whose sentences were imposed prior to its enactment); *United States v. Williams*, No. 12-3878, 2013 U.S. App. LEXIS 11757, at *5 (6th Cir. June 10, 2013) (revision of mandatory minimum sentences under the FSA does not apply to defendants sentenced before its effective date); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *see United States v. Ruff*, 437 F. App'x 448, 451 (6th Cir. 2011) (unpublished). The crime that forms the basis for Couch's conviction occurred before the effective date of the FSA, and he was sentenced before the Act became effective. Therefore, *Hammond*, *Williams*, *Carradine*, and *Ruff* foreclose the retroactive application of the FSA to Couch's case.[1] In any event, based on the nature of the defendant's criminal conduct, this Court would not be inclined to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), even if it were permissible to do so. At the time of sentencing, an appropriate sentence was imposed in accordance with 18 U.S.C. § 3553. The statutory factors that were considered in imposing the

---

[1] Although the holdings in these cases were recently called into question in *United States v. Blewett*, __ F.3d __, Nos. 12-5226, 12-5582, 2013 U.S. App. LEXIS 9889 (6th Cir. May 17, 2013), on July 11, 2013, a majority of the active judges of the Sixth Circuit voted for rehearing of the case en banc. *United States v. Blewett*, Nos. 12-5226, 12-5582 (6th Cir. July 11, 2013) (order granting rehearing en banc). Therefore, the panel opinion of *Blewett* has been set aside and has no precedential effect. 6th Cir. R. 35(b) ("A decision to grant rehearing en banc vacates the previous opinion and judgment of the court, stays the mandate, and restores the case on the docket as a pending appeal.").

sentence in this matter have not changed. A reduction of the term imposed would not be appropriate. Accordingly, it is hereby

**ORDERED** that Defendant Couch's Motion to Modify Sentence under 18 U.S.C. § 3582(c)(2) [Record No. 954] is **DENIED**.

This 13th day of August, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge